**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 1:22-cv-4053 ) |
| H&K INTERNATIONAL, INC. f/k/a H&K DALLAS, INC., BRS INSURANCE COMPANY, and MCDONALD'S CORPORATION, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

ACE American Insurance Company ("ACE"), complaining of H&K International, Inc. f/k/a H&K Dallas, Inc. ("H&K International"), BRS Insurance Company ("BRS"), and McDonald's Corporation ("McDonald's"), alleges as follows:

### INTRODUCTION

1.      This is an insurance dispute arising out of a fire that occurred at a McDonald's restaurant on January 17, 2019. The fire allegedly started when a spark from welding equipment used to install a vent hood ignited exposed insulation. H&K International contracted with the restaurant franchisees to perform the work and then subcontracted the work to a subcontractor. BRS and McDonald's have sued H&K International to recover damages for the property damage caused by the fire, alleging H&K International breached contractual obligations and negligently failed to ensure that the vent hood was installed in a reasonably safe manner.

2.     H&K International, in turn, sought coverage for the underlying lawsuit under a general liability insurance policy issued by ACE. ACE declined coverage, however, because a condition precedent to coverage was not met, namely, that any subcontractor performing welding work on H&K International's behalf maintain liability insurance with limits of at least $5 million per occurrence and in the aggregate. Accordingly, in this action, ACE seeks a declaratory judgment that it has no duty to defend or indemnify H&K International in relation to the underlying lawsuit.

**JURISDICTION**

3.     ACE is a corporation that was incorporated in Pennsylvania and has its principal place of business in Pennsylvania.

4.     H&K International is a corporation that was incorporated in Delaware and has its principal place of business in Ireland. Upon information and belief, H&K International was previously named H&K Dallas, Inc. but changed its name to H&K International, Inc. in 2011 and, therefore, H&K International, Inc. and H&K Dallas, Inc. are the same legal entity (referred to herein as "H&K International").

5.     BRS is a corporation that was incorporated in Arizona and has its principal place of business in Arizona.

6.     McDonald's is a corporation that was incorporated in Delaware and has its principal place of business in Illinois.

7.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs.

8.     This Court, therefore, has original jurisdiction under 28 U.S.C. § 1332(a).

**FACTS**

**A.  The Policy.**

9.  ACE issued a commercial general liability insurance policy to H&K International that was in effect during the policy period from July 1, 2018 to July 1, 2019. A duplicate of the policy is attached to this complaint as Exhibit 1.

10.  Subject to terms and conditions, the policy covers, among other things, sums H&K International becomes legally obligated to pay as damages because of "property damage" that is caused by an "occurrence" and occurs during the policy period. The policy also obligates ACE to defend H&K International against any "suit" seeking those damages. (Ex. 1 at p. 23.)

11.  By endorsement, the policy imposes certain conditions precedent upon coverage with respect to H&K International's work involving the use of oxyacetylene or similar welding or cutting or grinding equipment, blow lamps, or blow torches away from premises owned, operated, leased, or rented by H&K International, when such work is undertaken by someone other than an H&K International employee. (Ex. 1 at p. 40.)

12.  Among other things, the policy states that it is a condition precedent to coverage that any contractor or subcontractor undertaking such work on H&K International's behalf shall have in full force a general liability insurance policy applicable to such work with liability limits of at least $5 million per occurrence and in the aggregate. (Ex. 1 at p. 40.)

**B.  The Underlying Lawsuit.**

13.  On May 23, 2022, BRS and McDonald's filed a complaint against H&K International, among others, in the Circuit Court of the Sixteenth Judicial Circuit, Kane County,

Illinois, Case No. 2022-LA-000211. A duplicate of the complaint filed by BRS and McDonald's in the underlying lawsuit is attached to this complaint as Exhibit 2.

14.    In their complaint, BRS and McDonald's allege that McDonald's owns a restaurant located at 1023 North Lake Street in Aurora, Illinois, which is operated by several individuals as franchisees. (Ex. 2 at ¶¶ 4, 23.)

15.    H&K International allegedly entered into a contract with a McDonald's subsidiary to serve as an approved supplier of equipment, including vent hoods, at McDonald's restaurants. (Ex. 2 at ¶ 7, 26-31.)

16.    Subsequently, H&K International allegedly entered into a contract with the franchisees that operated the subject McDonald's restaurant in Aurora, Illinois, to install certain equipment or fixtures at the restaurant, including a vent hood. (Ex. 2 at ¶ 25.)

17.    H&K International, in turn, allegedly subcontracted with F&M Installation ("F&M") to install the vent hood. (Ex. 2 at ¶¶ 8, 34.)

18.    On January 17, 2019, an individual employee, agent, or subcontractor of F&M was allegedly performing the welding work necessary to install the vent hood when a spark allegedly ignited exposed insulation and caused a fire that damaged the restaurant. (Ex. 2 at ¶ 44, 46.)

19.    McDonald's allegedly incurred over $1.5 million in damages due to the fire, a portion of which was allegedly paid by BRS, thus allegedly subrogating BRS to McDonald's rights as to such amount. (Ex. 2 at ¶¶ 61-65.)

20.    In the underlying lawsuit, McDonald's and BRS claim that H&K International was negligent in failing to ensure that the welding work was performed in a safe manner,

and they further claim that H&K's negligence proximately caused the fire. (Ex. 2 at ¶¶ 85-89.)

21.    McDonald's and BRS also claim that H&K International breached its contract with the McDonald's subsidiary by failing to ensure the vent hood was installed correctly and that H&K International contractually promised to indemnify them for damages or losses arising out of the defective installation of equipment, including the vent hood. (Ex. 2 at ¶¶ 90-114.)

22.    Accordingly, McDonald's and BRS seek to recover over $1.5 million in damages from H&K International for the property damage resulting from the fire. (Ex. 2 at pp. 20-24.)

**C.    The Present Coverage Dispute.**

23.    H&K International notified ACE of the underlying lawsuit on June 8, 2022, seeking insurance coverage under the policy, including a defense.

24.    The subcontractor performing the welding work on H&K International's behalf at the time and place of the alleged fire did not have general liability insurance covering such work with limits of at least $5 million per occurrence and in the aggregate.

25.    ACE, therefore, denied coverage for the underlying lawsuit on the grounds that a condition precedent to coverage, requiring any subcontractor performing welding work on H&K International's behalf to have at least $5 million in liability insurance coverage, was not satisfied.

26.    An actual controversy therefore exists between H&K International and ACE concerning whether H&K International is entitled to insurance coverage under the policy for the underlying lawsuit, including a defense to the action.

27.    BRS and McDonald's are named in this lawsuit as indispensable parties because they are the plaintiffs in the underlying lawsuit. *See Altom Transport, Inc. v. Westchester Fire Insurance Co., 823 F.3d 416, 420 (7th Cir. 2016)* ("Under Illinois law, an injured third party is indispensable when an insurer sues an insured for a declaratory judgment defining coverage.").

## COUNT ONE
### Declaratory Judgment

28.    ACE incorporates the allegations pleaded in paragraphs one through 27, above, into count one of its complaint.

29.    H&K International is not entitled to insurance coverage under the policy for the underlying lawsuit, including a defense to the action, because a condition precedent to coverage was not satisfied, namely, the subcontractor performing welding work on H&K International's behalf when the fire occurred did not have general liability insurance applicable to such work with limits of at least $5 million per occurrence and in the aggregate.

WHEREFORE, ACE respectfully requests that the Court enter a judgment in its favor, declaring ACE has no duty under the policy to defend H&K International against the underlying lawsuit or to pay any liability H&K International may incur as a result of the underlying lawsuit. ACE further requests that the Court award ACE its costs incurred in this matter, as well as any other relief to which ACE may be entitled.

Dated: August 4, 2022.                    Respectfully submitted,

                                          *s/Christopher A. Wadley*
                                          Christopher A. Wadley,
                                          Attorney for ACE American
                                          Insurance Company

Walker Wilcox Matousek LLP
Christopher A. Wadley (#6278651)
Eric D. Blanchard (#6269430)
One N. Franklin St., Ste. 3200
Chicago, IL 60606
(312) 244-6700
cwadley@walkerwilcox.com
eblanchard@walkerwilcox.com

7