**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ACE AMERICAN INSURANCE COMPANY,** | § § § | |
| *Plaintiff,* | § § § | |
| **vs.** | § § | **No. 1:22-cv-4053** |
| **H&K INTERNATIONAL, INC. f/k/a H&K DALLAS, INC., BRS INSURANCE COMPANY, AND MCDONALD'S CORPORATION,** | § § § § § | |
| *Defendants.* | § § | |

**DEFENDANT H&K INTERNATIONAL, INC. F/K/A H&K DALLAS, INC.'S
<u>MOTION TO DISMISS AND FOR ABSTENTION</u>**

**TABLE OF CONTENTS**

I.    SUMMARY OF ARGUMENT ................................................................................ 5

II.   NATURE AND STAGE OF PROCEEDING ...................................................... 6

    A.    ACE Insurance Policy for HKI ................................................................... 6

    B.    HKI and McDonald's Relationship ............................................................ 7

    C.    F&M and H&S ............................................................................................ 7

    D.    Selective Insurance Policies ....................................................................... 8

    E.    KGK's relationship with HKI ..................................................................... 8

    F.    McDonald's Incident .................................................................................. 8

    G.    McDonald's and KGK demands ................................................................. 9

    H.    McDonald's Lawsuit ................................................................................... 9

    I.    ACE's Lawsuit .......................................................................................... 10

    J.    Texas Action ............................................................................................. 11

III.  ARGUMENT AND AUTHORITIES ................................................................. 12

    A.    The Court should abstain from exercising jurisdiction over ACE's declaratory
        judgment action, or otherwise dismiss it under Rule 12(b)(1) for lack of subject-
        matter jurisdiction. ................................................................................... 12

        i.    The first Zavalis factor weighs in favor of dismissal. .......................... 14

        ii.   The second Zavalis factor weighs in favor of dismissal. ..................... 16

        iii.  The third Zavalis factor weighs in favor of dismissal. ......................... 17

        iv.   The fourth Zavalis factor weighs in favor of dismissal. ...................... 18

    B.    ACE's declaratory judgment action should be dismissed under Rule 12(b)(6) because
        it violates the mirror image rule and therefore fails to state a claim on which relief can
        be granted. ................................................................................................ 19

    C.    ACE's declaratory judgment action should be dismissed under Rule 12(b)(2) because
        this Court lacks personal jurisdiction over HKI. ..................................... 21

IV.   CONCLUSION .................................................................................................... 23

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*A.G. Edwards & Sons, Inc. v. Pub. Bldg. Com.*,
    921 F.2d 118 (7th Cir. 1990) .........................................................................................18

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*,
    250 F. 3d 510 (7th Cir. 2011) .......................................................................................16

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*,
    10 F.3d 425 (7th Cir. 1993) ..........................................................................................21

*Amari v. Radio Spirits, Inc.*,
    219 F. Supp. 2d 942 (N.D. Ill. 2002) ...........................................................................21

*Amling v. Harrow Indus. LLC*,
    943 F.3d 373 (7th Cir. 2019) ........................................................................................15

*Arnold v. KJD Real Estate, LLC*,
    752 F.3d 700 (7th Cir. 2014) ........................................................................................14

*Brillhart v. Excess Ins. Co.*
    316 U.S. 491 (1942)......................................................................................................13

*Caminiti & Iatarola, Ltd., v. Behnke Warehousing, Inc.*,
    962 F.2d 698 (7th Cir. 1992) ........................................................................................20

*Channel Clarity, Inc. v. Optima Tax Relief, LLC*,
    2015 U.S. Dist. LEXIS 19102 (N.D. Ill. Feb. 18, 2015) ..............................................21

*Day v. Union Mines, Inc.*,
    862 F.2d 652 (7th Cir. 1988) ........................................................................................19

*Envision Healthcare, Inc. v. PreferredOne Ins. Co.*,
    604 F.3d 983 (7th Cir. 2010) ..................................................................................15, 17

*GMC v. M&G Mgmt.*,
    No. 02 C 6558, 2003 U.S. Dist. LEXIS 10934 (N.D. Ill. June 25, 2003) ............16, 17, 18, 19

*Hartford Cas. Ins. Co. v. Foxfire Printing & Packaging, Inc.*,
    No. 10 C 50298, 2012 U.S. Dist. LEXIS 72180 (N.D. Ill. Apr. 30, 2012)....................14

*Hartford Fire Ins. Co. v. Williams Bros. Constr.*,
    149 F. Supp.3d 1009 (C.D. Ill. 2016) ...........................................................................18

*Indian Harbor Ins. Co. v. Republic Servs., Inc.*,
    No. 10 C 3310, 2010 U.S. Dist. LEXIS 94338 (N.D. Ill. Sept. 10, 2010)......................17

*Nationwide Ins. v. Zavalis*,
    52 F.3d 689 (7th Cir. 1995) ........................................................................ *passim*

*Nielsen Co. (US), LLC v. Truck Ads, LLC*,
    No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 (N.D. Ill. Jan. 24, 2011) ................................21

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
    338 F.3d 773 (7th Cir. 2003) ................................................................23

*Reliance Nat'l Indem. Co. v. Lexington Ins. Co.*,
    2002 U.S. Dist. LEXIS 20629 (N.D. Ill. Oct. 18, 2002)........................................19

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010)................................................................21

*Ryan Int'l. Airlines, Inc. v. East Trust SUB-2*,
    No. 10 C 50135, 2011 U.S. Dist. LEXIS 26084 (N.D. Ill. Mar. 14, 2011) ...........................15

*Smith & Nephew, Inc. v. Andrews*,
    2007 U.S. Dist. LEXIS 21901 (N.D. Ill. Mar. 7, 2007)........................................18

*Sta-Rite Indus. v. Allstate Ins. Co.*,
    96 F.3d 281 (7th Cir. 1996) ................................................................15

*Tamburo v. Dworkin*,
    601 F.3d 693 (7th Cir. 2010) ................................................................23

*Tempco*, *Electric Heater Corp. v. Omega Engineering, Inc.*,
    819 F.2d 746 (7th Cir. 1987) ...........................................................21, 22

*Tenneco v. Saxony Bar & Tube, Inc.*,
    776 F.2d 1375 (7th Cir. 1985) ................................................................21

*Travelers Property Cas. Co. of Am. v. Rogan Shoes, Inc.*,
    2011 U.S. Dist. LEXIS 72446 (N.D. Ill. July 6, 2011) (Lefkow, J.) .........................6

*Tyrer v. City of S. Beloit*,
    456 F. 3d 744 (7th Cir. 2006) ................................................................19

*Vulcan Golf, LLC v. Google Inc.*,
    552 F. Supp. 2d 752 (N.D. Ill. 2008) ................................................................21

*Wilton v. Seven Falls Co.*
    515 U.S. 277 (1995)................................................................13

**Statutes**

28 U.S.C. § 2201 ................................................................7, 20

28 U.S.C. § 2201(a) ....................................................................................................6, 13

Tex. Ins. Code § 21.42 ...................................................................................................24

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................... *passim*

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12, Defendant H&K International, Inc. f/k/a H&K Dallas, Inc. ("HKI") moves to dismiss under Rule 12(b)(1), 12(b)(2), or 12(b)(6), or in the alternative, have the Court abstain from exercising jurisdiction over Plaintiff ACE American Insurance Company's ("ACE") Complaint [ECF No. 1] under 28 U.S.C. § 2201(a), the Declaratory Judgment Act.

## I.    SUMMARY OF ARGUMENT

1.      HKI requests the Court dismiss this lawsuit in favor of the existing state court action in Texas, where all matters raised in this suit can be resolved.

2.      The Court has the ability to dismiss this lawsuit or otherwise abstain from exercising jurisdiction under 28 U.S.C. § 2201(a), the Declaratory Judgment Act, and Rule 12(b)(1). Abstention is particularly appropriate where, as here, there is a pending parallel state action in Texas in which all of the matters in controversy may be fully litigated. In such a circumstance, the Court can and should decline to exercise jurisdiction altogether and dismiss the lawsuit. In fact, that is precisely what this Court did in a similar effort by an insurer to avoid state court litigation by filing a federal declaratory judgment action.[1]

3.      ACE's claim for declaratory judgment also violates the mirror image rule and should be dismissed under Rule 12(b)(6). ACE seeks a declaration of the same rights that will necessarily be resolved in the Texas lawsuit. Thus, this action is simply redundant and a waste of judicial resources.

---

[1] *See Travelers Property Cas. Co. of Am. v. Rogan Shoes, Inc.*, 2011 U.S. Dist. LEXIS 72446 (N.D. Ill. July 6, 2011) (Lefkow, J.).

4.     ACE has also failed to establish that this Court sitting in Illinois has personal jurisdiction over HKI for interpretation of a Texas insurance policy, issued to a Texas corporation, in Texas. Thus, this lawsuit should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

5.     Therefore, this Court should dismiss ACE's Complaint pursuant to its discretionary powers under 28 U.S.C. § 2201, Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) or 12(b)(6).

## II.     NATURE AND STAGE OF PROCEEDING

### A.     ACE Insurance Policy for HKI

6.     HKI purchased Policy No. OGLG25702979 with a policy period from July 1, 2018 to July 1, 2019 with ACE, a member of the ACE Group of Insurance Companies ("ACE Policy").[2]

7.     The ACE Policy provides coverage for sums that HKI becomes legally obligated to pay as damages because of "property damage" that is caused by an "occurrence" and occurs during the policy period.[3] The ACE Policy also obligates ACE to defend HKI against any "suit" seeking those damages.[4]

---

[2] Ex. 1 to ACE's Compl. [ECF No. 1], ACE Policy.

[3] *See id.*

[4] *See id.*

**B.     HKI and McDonald's Relationship**

8.     HKI is a Texas-based manufacturer and supplier of kitchen equipment to some of the world's largest restaurant chains, including McDonald's restaurants.[5] HKI[6] supplies commercial kitchen equipment to McDonald's USA, LLC ("McD USA") and its franchisees.[7]

**C.     F&M and H&S**

9.     F&M Installations Corp. ("F&M") is an installer of commercial kitchen equipment and has regularly installed equipment for McD USA's franchisees who ordered equipment from HKI.[8] As part of it agreements with HKI, F&M was required to name HKI as an additional insured under its insurance and indemnify HKI.[9]

10.     H&S Installations, Corp. ("H&S") is also an installer of commercial kitchen equipment and has regularly installed equipment for McD USA's franchisees who ordered equipment from HKI.[10] As part of it agreements with HKI, H&S was required to name HKI as an additional insured under its insurance and indemnify HKI.[11]

11.     H&S and F&M have common ownership.[12]

---

[5] Ex. A-1, HKI's Original Pet., styled as *HKI International, Inc. v. F&M Installations Corp., H&S Installations, Corp., Selective Insurance Company of America, ACE American Insurance Company, and KGK Management, Inc.,* Cause No. DC-22-09632 in the 14th Judicial District of Dallas County, Texas.

[6] H&K Dallas, Inc. ("HKD") is not a separate entity, rather it is the former name of HKI, which was officially changed in 2011. *See* Ex. A-5, HKI Amendment to Registration of Entity Information.

[7] Ex. A-1, HKI's Original Pet. ¶ 14.

[8] *Id.* ¶ 15.

[9] *Id.* ¶¶ 19-21.

[10] *Id.* ¶ 22.

[11] *Id.* ¶ 26.

[12] *Id.* ¶¶ 23, 25.

**D.      Selective Insurance Policies**

12.      F&M and H&S each have insurance policies with Selective Insurance Company of America ("Selective").[13] Despite being an additional insured under these polices and having coverage for the indemnity obligations owed by F&M and H&S, Selective has failed to assume HKI's defense.[14]

**E.      KGK's relationship with HKI**

13.      KGK Management, Inc. ("KGK") owned a McDonald's franchise located at 1023 N. Lake Street in Aurora, Illinois ("Restaurant").[15]

14.      KGK entered an agreement with HKI to purchase various commercial kitchen equipment from HKI for its Restaurant ("KGK Agreement").[16]

**F.      McDonald's Incident**

15.      On or about January 11, 2019, Prairie Contractors, Inc. ("Prairie"), KGK's or McD USA's general contractor accepted delivery of various kitchen equipment purchased by KGK.[17]

16.      On January 17, 2019, a fire broke out at the Restaurant while Ivan Villapando was welding in relation to the installation of a vent hood (the "Incident").[18]

---

[13] Ex. A-1, HKI's Original Pet. ¶¶ 27, 30.

[14] *Id.* ¶ 44.

[15] *Id.* ¶ 36.

[16] *Id.* ¶ 37.

[17] *Id.* ¶ 39.

[18] *Id.* ¶ 40.

17.    It is unclear whether Mr. Villapando was employed by F&M or H&S at the time of his work.[19] One of the two companies sent him there to install equipment for KGK's benefit.[20] However, F&M was the entity assigned by HKI to do the installation for KGK.[21]

**G.    McDonald's and KGK demands**

18.    Following the Incident, McDonald's and KGK have made demands on numerous parties for amounts they allege were lost due to the fire.[22] HKI immediately notified ACE of potential claims that could arise out of the Restaurant's Incident.

19.    Since the Incident, ACE has repeatedly changed its position regarding whether a defense or coverage was owed to HKI for the Incident. However, since at least January 23, 2020, ACE had rescinded its declination of coverage and had appointed counsel to defend HKI.[23]

20.    For over two years, HKI assumed the coverage issues had fully and finally been resolved.

**H.    McDonald's Lawsuit**

21.    On May 23, 2022, BRS Insurance Company ("BRS"), on its own behalf and as subrogee of McDonald's, and McDonald's filed a Complaint against Prairie Contractors, Inc., H&K Dallas, Inc., HKI, F&M, and H&S styled, *BRS Insurance Company, on its own behalf and as subrogee of McDonald's, and McDonald's v. Prairie Contractors, Inc., H&K Dallas, Inc., H&K*

---

[19] Ex. A-1, HKI's Original Pet. ¶ 41.

[20] *Id.*

[21] The KGK Agreement specifies that HKI is only responsible for placing the equipment in the location ready for mechanical and electrical connections.

[22] Ex. A-1, HKI's Original Pet. ¶ 42.

[23] Ex. A-2, ACE's Nov. 2, 2021 Correspondence.

*International, Inc., F&M Installation, and H&S Installations,* Case No. 2022-LA-000211; in the

Sixteenth Judicial Circuit in Kane County, Illinois ("McDonald's Lawsuit").[24]

22.     BRS and McDonald's assert claims of negligence, breach of contract, and

contractual indemnification against HKI.[25] Among other things, the McDonald's Lawsuit alleges:

a.     That HKI is liable for any breaches of safety rules by HKI, itself, or its Company Affiliates, including subcontractors.

b.     That HKI must indemnify McDonald's from and against any improper or defective installation.

c.     That HKI is vicariously liable for F&M and H&S because HKI allegedly owed a duty to McDonald's to perform its installation services with reasonable care and to exercise supervisory control over subcontractor(s) providing work with reasonable care. According to McDonald's, HKI allegedly breached those duties by failing to observe and failing to take any steps to ensure that F&M and H&S observed minimum safety standards and regulations relating to welding.

d.     That HKI allegedly failed to meet its obligations to ensure that F&M and H&S's installation of the ventilation hood was free from defects in workmanship.

e.     That HKI allegedly failed to meet its obligations to ensure that F&M and H&S complied with applicable law and regulations, including OSHA standards relating to welding work.

23.     On June 8, 2022, HKI notified ACE of the McDonald's Lawsuit.[26] ACE initially

agreed to defend HKI and even had its appointed counsel file an answer on its behalf.[27]

**I.     ACE's Lawsuit**

24.     On August 4, 2022, ACE filed this Lawsuit in an effort to avoid its obligations

under the Policy.[28] The same day, ACE notified HKI for the first time in over two years that it had

---

[24] Ex. 2 to ACE's Compl., McDonald's Lawsuit.

[25] *See id.*

[26] Ex. A-3, HKI's June 8, 2021 Ltr. to ACE.

[27] Ex. A-2, ACE's Nov. 2, 2021 Correspondence.

[28] *See generally* ACE's Compl.

unilaterally decided it did not owe a defense or coverage for the Incident to HKI.[29] In its letter, ACE cited an inapplicable provision in the ACE Policy in relation to a subcontractor's use of oxyacetylene or similar welding equipment.[30] However, this provision does not apply where the claim or lawsuit alleges that the insured is vicariously liable for the actions or omissions of a contractor or subcontractor.[31]

**J.    Texas Action**

25.    Within a few days of the filing of ACE's Lawsuit, HKI filed suit against ACE, F&M, H&S, Selective, and KGK ("Texas Defendants") in Dallas County, Texas styled as: *H&K International, Inc. v. F&M Installations Corp., H&S Installations, Corp., Selective Insurance Company of America, ACE American Insurance Company, and KGK Management, Inc.*; Cause No. DC-22-09632, in the 14th Judicial District of Dallas County, Texas (the "Texas Action").[32]

26.    The Texas Action seeks damages for the Texas Defendants' breaches of contract, violations of the Texas Insurance Code, and bad faith relating to each's respective failure to defend and indemnify HKI for the demands made by McDonald's and KGK, as well as the McDonald's Lawsuit.[33] While both the ACE Lawsuit and the Texas Action have a connection to the ACE Policy, the Texas Action is certainly broader than this declaratory judgment action because it also includes allegations that ACE breached the insurance policy, breached its duty of good faith and

---

[29] Ex. A-4, ACE's Aug. 4, 2022 Ltr.

[30] *See id.*

[31] *See* Ex. 1 to ACE's Compl., ACE Policy.

[32] *See generally* Ex. A-1, HKI's Original Pet.

[33] KGK has now also brought a lawsuit against HKI (the "KGK Lawsuit"). The Texas Defendants have not assumed the defense or agreed to indemnify HKI in that lawsuit either, as such the claims the Texas Action will be amended to address the KGK Lawsuit as well.

fair dealing, and violated Chapter 542 of the Texas Insurance Code, as well as the claims against the other Texas Defendants.

### III. ARGUMENT AND AUTHORITIES

**A.** **The Court should abstain from exercising jurisdiction over ACE's declaratory judgment action, or otherwise dismiss it under Rule 12(b)(1) for lack of subject-matter jurisdiction.**

27. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) authorizes a court to dismiss a claim for lack of subject matter jurisdiction. Relief under the Declaratory Judgment Act is wholly discretionary as it provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration."[34]

28. The abstention doctrine announced by the Supreme Court in *Brillhart v. Excess Ins. Co.* gives federal district courts discretion to abstain from exercising jurisdiction over a declaratory judgment action when a parallel state case presenting the same issues and between the same parties is pending in another state court.[35] *Brillhart* explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[36]

29. The Court confirmed that ruling over fifty years later in *Wilton v. Seven Falls Co.,* where it affirmed the stay of an action seeking declaration that insurance policies provided no coverage pending resolution of the later-filed state case.[37] In doing so, the Court reasoned that

---

[34] 28 U.S.C. § 2201(a) (emphasis added).

[35] 316 U.S. 491, 494-95 (1942) (dismissing insurer's suit seeking declaration of non-liability where insurer was party to a parallel state proceeding).

[36] *Id.* at 495.

[37] 515 U.S. 277, 288-89 (1995) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.").

"[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[38] Thus, the Declaratory Judgment Act does not grant litigants an automatic right to a declaration.[39]

30.     *Brillhart* and progeny straightforwardly show that this Court should abstain from this matter. ACE has filed a declaratory judgment action based solely on diversity jurisdiction involving issues of state law, namely insurance contract interpretation of a Texas insurance policy. The key issue of the case, whether the insurance policy provides coverage to HKI, is being simultaneously litigated in the state court action in Texas.[40] If this Court continues to entertain this action, the inefficiencies spoken of in *Brillhart* and its progeny will result.

31.     Whether to abstain "is an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.'"[41] In exercising this discretion, the Seventh Circuit has enumerated four relevant factors known as the "*Zavalis* factors":

> [1] whether the declaratory suit presents a question distinct from the issues raised in the state court proceedings, [2] whether the parties to the two actions are identical, [3] whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and [4] whether comparable relief is available to the plaintiff seeking declaratory judgment in another forum or at another time.[42]

---

[38] *Id.* at 288.

[39] *Id.* at 287 ("[T]he Declaratory Judgment Act is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." (internal quotation omitted)).

[40] *See generally* Ex. A-1, HKI's Original Pet.

[41] *See Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014)(quoting *Wilton*, 515 U.S. at 289).

[42] *Nationwide Ins. v. Zavalis,* 52 F.3d 689, 692 (7th Cir. 1995); *see also Hartford Cas. Ins. Co. v. Foxfire Printing & Packaging, Inc.,* No. 10 C 50298, 2012 U.S. Dist. LEXIS 72180, at *6-9 (N.D.

32.     The above-mentioned *Zavalis* factors support that this Court should not exercise jurisdiction over the declaratory judgment action.

33.     The *Zavalis* framework aside, the Seventh Circuit has made clear that the "classic example" of when abstention is proper occurs where, as here, "solely declaratory relief is sought and parallel state proceedings are ongoing."[43] "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora."[44]

34.     The Seventh Circuit has thus held that a district court should abstain from hearing a declaratory judgment action where a parallel state action involves substantially the same parties and issues — particularly in matters involving insurance coverage.[45]

35.     ACE should not be permitted to invoke a federal forum to litigate a state-law insurance coverage dispute where a parallel state court action involving the same parties and issues is pending.[46]

      i.     *The first Zavalis factor weighs in favor of dismissal.*

36.     The first *Zavalis* factor focuses on whether the question in this federal action is distinct from that in the state case. It is not, and instead, it concerns the same coverage dispute and is otherwise duplicative. The Seventh Circuit has held that the "question is not whether the suits

---

Ill. Apr. 30, 2012) (applying *Zavalis* factors); *Ryan Int'l. Airlines, Inc. v. East Trust SUB-2,* No. 10 C 50135, 2011 U.S. Dist. LEXIS 26084, at *12-17 (N.D. Ill. Mar. 14, 2011) (same).

[43] *Envision Healthcare, Inc. v. PreferredOne Ins. Co.,* 604 F.3d 983, 986 (7th Cir. 2010) (citation omitted); *see also Amling v. Harrow Indus. LLC,* 943 F.3d 373, 380 (7th Cir. 2019).

[44] *See Envision,* 604 F.3d at 986-87.

[45] *See Envision,* 604 F.3d at 986 (insurance case: "[A]s the Supreme Court has made clear, the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists.") (citations omitted); *Sta-Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996).

[46] *See Envision Healthcare, Inc.,* 604 F.3d at 986; *Sta-Rite Indus.*, 96 F.3d at 287.

are formally symmetrical, but whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case."[47]

37.     ACE's declaratory judgment is not distinct from the issues pending in the Texas Action but instead can be resolved in the Texas Action. Indeed, the pending Texas Action clearly subsumes the Complaint for declaratory judgment in this present suit because the Texas Action involves additional claims not involved in the present action and additional parties who are not before this Court. Specifically, the Texas Action involves claims by HKI for breach of contract, violations of the Texas Insurance Code, and bad faith and fair dealing against ACE, among others.[48] The scope of the Texas Action is clearly far more comprehensive and the claims of all parties in interest, including three entities (including H&S, F&M, and Selective) which are vital to resolve these claims but which are not parties to this federal action, will be adjudicated in the Texas Action.

38.     The pending Texas Action will also provide both a better and more effective means to resolve all of the relevant claims, not just the slice that ACE is trying to carve out in the present case.[49] Because the present action is not distinct from the Texas Action, the questions in controversy can be better settled in the Texas Action pending in state court.

39.     Accordingly, the first *Zavalis* factor favors dismissal.

---

[47] *AAR Int'l, Inc. v. Nimelias Enters. S.A.,* 250 F. 3d 510, 518 (7th Cir. 2011) (internal quotations omitted).

[48] *See* Ex. A-1, HKI's Original Pet.

[49] *See GMC v. M&G Mgmt.,* No. 02 C 6558, 2003 U.S. Dist. LEXIS 10934, *12 (N.D. Ill. June 25, 2003)(finding that one factor weighing in favor of abstaining was that declaratory judgment plaintiff could raise its claims as defenses or counterclaims in the state court action).

ii.    *The second Zavalis factor weighs in favor of dismissal.*

40.    Likewise, applying the second *Zavalis* factor, the necessary parties in this case are also named parties in the Texas Action.

41.    This action involves a coverage dispute between ACE and HKI concerning ACE's obligation to provide insurance coverage with regard to McDonald's Lawsuit. The parties to this action are also engaged contemporaneously in litigation with regard to the same insurance coverage issues and more, in the Texas Action.[50]

42.    While the Texas Action includes additional parties that are not named in this case, the conclusion that the respective actions are parallel is not undermined by the fact that other parties are named in the Texas Action.[51] Likewise, although ACE names BRS and McDonald's, ACE seeks a declaration only as to HKI's rights and obligations arising under HKI's insurance policy with ACE. Neither BRS nor McDonald's are necessary parties to resolve ACE's declaratory judgment action.

43.    As such, ACE can present and adjudicate in the Texas Action, with all the necessary parties present and all of the insurance coverage issues it seeks to raise in this action. The two actions are parallel proceedings.

44.    The second *Zavalis* factor thus favors a dismissal of the instant proceeding.

---

[50] *See Envision Healthcare, Inc.,* 604 F.3d at 986 (stating that a suit is parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in two fora").

[51] *See Indian Harbor Ins. Co. v. Republic Servs., Inc.,* No. 10 C 3310, 2010 U.S. Dist. LEXIS 94338, at *6 (N.D. Ill. Sept. 10, 2010) ("It is not necessary that the parties be identical in both actions for the *Wilton/Brillhart* abstention doctrine to apply." (citing *Envision Healthcare, Inc.,* 604 F.3d at 986)); *GMC,* 2003 U.S. Dist. LEXIS 10934, at *10 ("[P]arallelism does not require that the parties in the underlying state action match with exactitude those in the federal declaratory judgment action." (citations omitted)).

              *iii.*     <u>*The third Zavalis factor weighs in favor of dismissal.*</u>

45.     The third *Zavalis* factor asks whether the declaratory judgment action constitutes as a useful purpose in clarifying the legal obligations among the parties or if it will amount to duplicative and piece meal litigation, and in this case, that factor also heavily weighs in favor of dismissal.

46.     Duplicative, piecemeal litigation is not just a risk—it is a guarantee. This is because HKI's claims against H&S, F&M and Selective (in addition to ACE) are proceeding in the Texas Action regardless of what happens here. HKI's claims against H&S, F&M, Selective, and ACE all arise out of the same insurance policies involving the same Incident, same witnesses, and same damages. In the Texas Action, HKI claims that ACE breached its obligations under the ACE Policy.[52] In this Court, ACE seeks a declaration that HKI "is not entitled to insurance coverage" under the ACE Policy.[53] The declaration that ACE seeks in this action is no more than an affirmative defense in the Texas Action, and so the "declaratory posture of this case serves no useful purpose."[54]

47.     If this action proceeds, "the same interrogatories, production requests, [and] depositions will proceed twice under two different sets of rules."[55] This wastefulness is only

---

[52] Ex. A-1, HKI's Original Pet. ¶¶ 73-80.

[53] ACE's Compl. ¶ 29.

[54] *A.G. Edwards & Sons, Inc. v. Pub. Bldg. Com.,* 921 F.2d 118, 122 (7th Cir. 1990); *see also GMC,* 2003 U.S. Dist. LEXIS 10934, at *10-12 (abstaining because party seeking declaration that contract had been assigned could raise assignment as defense in state court).

[55] *See Smith & Nephew, Inc. v. Andrews,* 2007 U.S. Dist. LEXIS 21901, *10 (N.D. Ill. Mar. 7, 2007) (dismissing declaratory action in favor of state action for damages in part because "any witness called in this action will [] testify in State Court, and likely be asked the same questions"); *see also Hartford Fire Ins. Co. v. Williams Bros. Constr.,* 149 F. Supp.3d 1009, 1014 (C.D. Ill. 2016) (finding that avoiding "duplicative and piecemeal litigation [] favors abstention" in favor of state court proceeding)(internal citation omitted).

compounded when the parallel proceeding is in a faraway state, requiring witnesses and counsel to travel.[56]

48.    These same issues also give rise to a serious risk of inconsistent interpretations of the operative documents, inconsistent findings of fact regarding the Incident, and perforce, inconsistent judgments.[57]

49.    The third *Zavalis* factor weighs in favor of dismissal.

        iv.    *The fourth Zavalis factor weighs in favor of dismissal.*

50.    With regard to the fourth *Zavalis* factor—whether comparable relief is available to the plaintiff seeking declaratory judgment in another forum or at another time—under the present facts and posture, this factor favors dismissal. ACE seeks only declaratory relief in this action and can obtain the same relief in the Texas Action pursuant to the Texas Declaratory Judgment Act or merely through the court's interpretation of the insurance policy, which is necessary to decide the issue of ACE's breach.

51.    State law governs the interpretation of contracts and the coverage question can be litigated and decided in state court as well as it can here.[58] ACE can present the same defenses to

---

[56] *See, e.g., Day v. Union Mines, Inc.,* 862 F.2d 652, 659 (7th Cir. 1988) (staying in favor of parallel proceeding because "[d]ual proceedings could involve what we have called a 'grand waste of efforts by both the court and parties in litigating the same issues regarding the same contract in two forums at one.'") (citation omitted).

[57] *See, e.g., Tyrer v. City of S. Beloit,* 456 F. 3d 744, 756 (7th Cir. 2006) (dismissing federal declaratory action because "the claims in the federal and state suits are predicated on the same facts and will be resolved a largely by reference to the same evidence" and so proceeding "create[d] undue risk of conflicting final judgment on the merits"); *GMC,* 2003 U.S. Dist. LEXIS 10934, at *11 (abstaining because "allowing GM's action to go forward would result in piecemeal litigation, or worse, a decision by this Court running headlong into that of the state court").

[58] *See Reliance Nat'l Indem. Co. v. Lexington Ins. Co.,* 2002 U.S. Dist. LEXIS 20629, at *13-14 (N.D. Ill. Oct. 18, 2002) (Illinois courts employ the "most significant contacts" test in determining which substantive law applies to the contracts. "Under this test, insurance policy provisions generally are governed by the location of the subject, the place of delivery of the contract, the

coverage in the Texas Action as it can in this Court, and it will be more efficient to address all the claims arising from the facts in one proceeding. If this declaratory action is not dismissed or abstained, the parties will be forced to engage in parallel litigation in two different forums, consuming the resources of two different courts in addressing duplicative discovery, witness testimony, and similar motions.

52. The Texas Action will provide more complete relief than the federal action since it includes four additional parties—F&M, H&S, Selective, and KGK—again whom HKI has related claims, and that HKI might well be unable to join to the federal action.[59] There is no question that "the state litigation will dispose of all claims presented in the federal case," and so no reason for the federal case to proceed.[60]

53. The Court should dismiss, or in the alternative, abstain from this case under the *Zavalis* factors.

**B.     ACE's declaratory judgment action should be dismissed under Rule 12(b)(6) because it violates the mirror image rule and therefore fails to state a claim on which relief can be granted.**

54. The Uniform Declaratory Judgments Act ("UDJA") allows a party interested under a written contract to have determined any question of construction or validity arising under the contract. ACE seeks a declaratory judgment under 28 U.S.C. § 2201 regarding HKI's rights and obligations under the ACE Policy. But ACE's declaratory judgment fails as a matter of law because

---

domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract.").

[59] There would be no diversity since F&M and H&S are both citizens of the same state, so HKI will be unable to join these entities in this action.

[60] *See Caminiti & Iatarola, Ltd., v. Behnke Warehousing, Inc.,* 962 F.2d 698, 702 (7th Cir. 1992).

it merely duplicates the claims already raised in the Texas Action. Indeed, the Seventh Circuit does not permit such mirror-image declaratory claims.[61]

55.     Claims that are "repetitious," "unnecessary," or "redundant" may be disposed of by the court.[62] The Seventh Circuit has held that a claim for declaratory relief that asserts nothing more than the opposite of the complaint is redundant and should be stricken for the purposes of judicial economy and efficiency.[63] In *Tenneco,* the court held that:

> What is really an answer or defense to a suit does not become an independent piece of litigation because of its label. . . . Indeed, one judge of this court held, while a district judge, that when one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is repetitious and unnecessary. When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else. The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.[64]

56.     "Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serve[s] no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated."[65] ACE's

---

[61] *See e.g., Channel Clarity, Inc. v. Optima Tax Relief, LLC,* 2015 U.S. Dist. LEXIS 19102, at *7 (N.D. Ill. Feb. 18, 2015)(citing *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 980 (7th Cir. 2010)); *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 10 F.3d 425, 431 (7th Cir. 1993) ("[B]ecause the issuance of a declaratory judgment is discretionary, a suit for declaratory judgment aimed solely at wrestling the choice of forum from the 'natural' plaintiff will normally be dismissed and the case will be allowed to proceed in the usual way.") (citing *Tempco*, *Electric Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746, 747 (7th Cir. 1987)).

[62] *Nielsen Co. (US), LLC v. Truck Ads, LLC,* No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453, at *14 (N.D. Ill. Jan. 24, 2011).

[63] *Tenneco v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985).

[64] *Tenneco,* 775 F.2d at 1379 (some internal citations omitted); *see also Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 778 (N.D. Ill. 2008) (dismissing redundant declaratory claim).

[65] *Amari v. Radio Spirits, Inc.,* 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) (dismissing first-filed declaratory claims as duplicative of affirmative claims).

repetitious Complaint for declaratory judgment is wholly unnecessary. Adjudication of HKI's claims in Texas state court alone will resolve this dispute.

57.     ACE's declaratory action under the UDJA presents no new controversies; it is simply a mirror-image of HKI's claims in the Texas Action. As such, it is not proper. ACE's declaratory judgment action only seeks declaration that HKI is not entitled to any relief against ACE, whereas the Texas Action includes claims for breach of contract and violations of Chapter 542 of the Texas Insurance Code.[66] These issues are already part and parcel to HKI's claims in the Texas Action.

58.     Accordingly, as a mirror-image of HKI's claims in Texas state court, ACE's declaratory action should be dismissed or treated simply as a defense because it would serve no useful purpose as an affirmative claim.[67]

**C.     ACE's declaratory judgment action should be dismissed under Rule 12(b)(2) because this Court lacks personal jurisdiction over HKI.**

59.     HKI is a Texas corporation.[68] ACE is a Pennsylvania-based company.[69] Yet, ACE has brought this suit against its Texas-based insured, under a Texas-issued insurance policy, in Illinois. There is no basis for personal jurisdiction in Illinois for a lawsuit against HKI by its Pennsylvania-based insurer.

---

[66] *See* ACE's Compl.

[67] *See, e.g., Tempco Elec. Heater Corp.,* 819 F.2d at 747 (dismissal of declaratory judgment claim was warranted because it served no useful purpose in light of the litigation of affirmative claims by the opposing party).

[68] Ex. A-6, HKI's Texas Franchise Tax Public Information Report.

[69] ACE's Compl. ¶ 3.

60. A defendant may move to dismiss an action pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) for lack of personal jurisdiction.[70] While "[a] complaint need not include facts alleging personal jurisdiction," once a motion to dismiss has been made, "the plaintiff bears the burden of demonstrating the existence of jurisdiction."[71]

61. There are two types of personal jurisdiction—general and specific.[72] "General jurisdiction is all-purpose; it exists only when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State."[73] Specific jurisdiction, meanwhile, is "case-specific; the claim must be linked to the activities or contacts with the forum."[74] Neither exists in this dispute between ACE and HKI.

62. "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction; [therefore courts] evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit."[75] "Personal jurisdiction in breach-of-contract actions often turns on whether the defendant 'purposefully availed' himself of the privilege of conducting business or engaging in a transaction in the forum state."[76]

---

[70] FED. R. CIV. P. 12(b)(2).

[71] *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

[72] *Id.*

[73] *Id.* at 697-98 (alteration in original) (quotation marks omitted).

[74] *Id.* at 698.

[75] *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).

[76] *Id.*

63.     Here, HKI's contract — the insurance policy — was made and entered into under the laws of Texas, not Illinois.[77] HKI is a Texas Corporation that is headquartered in Mesquite, Texas.[78] ACE is a Pennsylvania entity.[79]

64.     ACE has not alleged the connection between its declaratory judgment action and this forum. Texas, by contrast, has a compelling interest to have this case litigated in a Texas court given that the ACE Policy was issued and procured in Texas, and HKI, the insured, is a citizen of Texas.

65.     ACE has failed to establish any action in the dispute between HKI and ACE that lends to a finding of personal (either general or specific) jurisdiction for HKI in Illinois for this lawsuit. Therefore, the Court should dismiss this action under Rule 12(b)(2).

## IV.     CONCLUSION

Defendant H&K International, Inc. f/k/a H&K Dallas, Inc. respectfully requests that the Court grant this Motion and dismiss ACE's declaratory judgment action or in the alternative, abstain from exercising jurisdiction to hear this case. HKI further requests such other and further relief, both in general and specific, at law and in equity, to which HKI may be justly entitled.

---

[77] "Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby." TEX. INS. CODE § 21.42.

[78] Ex. A-5, HKI Amendment to Registration of Entity Information; Ex. A-6, HKI's Texas Franchise Tax Public Information Report.

[79] ACE's Compl. ¶ 3.

Dated: August 24, 2022

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Justin K. Ratley*
    Justin K. Ratley
    State Bar No. 24093011
    Federal Bar No. 24093011
    jratley@munsch.com
    700 Milam Street, Suite 800
    Houston, Texas 77002
    (713) 222-1470 (telephone)
    (713) 222-1475 (facsimile)

**ATTORNEY FOR DEFENDANT
HKI INTERNATIONAL, INC. f/k/a
H&K DALLAS, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic filing system on August 24, 2022.

    */s/ Justin K. Ratley*
    Justin K. Ratley