## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:22-cv-04053 |
| H&K INTERNATIONAL, INC. f/k/a H&K DALLAS, INC., BRS INSURANCE COMPANY, MCDONALD'S CORPORATION, STEADFAST INSURANCE COMPANY, and KGK MANAGEMENT, INC., | ) ) ) ) ) ) ) | Honorable Gary Feinerman |
| Defendants. | ) | |

## <u>AMENDED COMPLAINT</u>

ACE American Insurance Company ("ACE"), complaining of H&K International, Inc. f/k/a H&K Dallas, Inc. ("HKI"), BRS Insurance Company ("BRS"), McDonald's Corporation ("McDonald's"), Steadfast Insurance Company ("Steadfast"), and KGK Management, Inc. ("KGK"), alleges as follows:

### INTRODUCTION

1.      This is an insurance dispute arising out of a fire that occurred at a McDonald's restaurant on January 17, 2019. The fire allegedly started when a spark from welding equipment used to install a vent hood ignited exposed insulation. HKI contracted with the restaurant franchisees to perform the work and then subcontracted the work to a subcontractor. BRS, McDonald's, Steadfast, and KGK have sued HKI in two underlying lawsuits to recover damages for property damage caused by the fire, alleging HKI breached contractual

obligations and negligently failed to ensure that the vent hood was installed in a reasonably safe manner.

2.      HKI, in turn, sought coverage for the underlying lawsuits under a general liability insurance policy issued by ACE. ACE declined coverage, however, because a condition precedent to coverage was not met, namely, that any subcontractor performing welding work on HKI's behalf maintain liability insurance with limits of at least $5 million per occurrence and in the aggregate. In addition, the policy excludes coverage for contractually-assumed liabilities. Accordingly, in this action, ACE seeks a declaratory judgment that it has no duty to defend or indemnify HKI in relation to the underlying lawsuits.

## JURISDICTION

3.      ACE is a corporation that was incorporated in Pennsylvania and has its principal place of business in Pennsylvania.

4.      HKI is a corporation that was incorporated in Texas and has its principal place of business in Ireland. Upon information and belief, HKI was previously named H&K Dallas, Inc., but changed its name to H&K International, Inc. in 2011 and, therefore, H&K International, Inc. and H&K Dallas, Inc. are the same legal entity (referred to herein as "HKI"). HKI maintains an office in Aurora, Illinois.

5.      BRS is a corporation that was incorporated in Arizona and has its principal place of business in Arizona.

6.      McDonald's is a corporation that was incorporated in Delaware and has its principal place of business in Illinois.

7.    Steadfast is a corporation that was incorporated in Illinois and has its principal place of business in Illinois.

8.    KGK is a corporation that was incorporated in Illinois and has its principal place of business in Illinois.

9.    The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs.

10.    This Court, therefore, has original jurisdiction under 28 U.S.C. § 1332(a).

## FACTS

**A.    The Policy.**

11.    ACE issued a commercial general liability insurance policy to HKI that was in effect during the policy period from July 1, 2018 to July 1, 2019. A duplicate of the policy is attached to this complaint as Exhibit 1.

12.    Subject to terms and conditions, the policy covers, among other things, sums HKI becomes legally obligated to pay as damages because of "property damage" that is caused by an "occurrence" and occurs during the policy period. The policy also obligates ACE to defend HKI against any "suit" seeking those damages. (Ex. 1 at p. 23.)

13.    By endorsement, the policy imposes certain conditions precedent upon coverage with respect to HKI's work involving the use of oxyacetylene or similar welding or cutting or grinding equipment, blow lamps, or blow torches away from premises owned, operated, leased, or rented by HKI, when such work is undertaken by someone other than an HKI employee. (Ex. 1 at p. 40.)

14.     Among other things, the policy states that it is a condition precedent to coverage that any contractor or subcontractor undertaking such work on HKI's behalf shall have in full force a general liability insurance policy applicable to such work with liability limits of at least $5 million per occurrence and in the aggregate. (Ex. 1 at p. 40.)

15.     Finally, the policy excludes coverage for "property damage" for which HKI is obligated to pay damages by reason of the assumption of liability in a contract or agreement. (Ex. 1 at p. 24.)

**B.     The Underlying McDonald's Lawsuit.**

16.     On May 23, 2022, BRS and McDonald's filed a complaint against HKI, among others, in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, Case No. 2022-LA-000211. A duplicate of the complaint filed by BRS and McDonald's is attached to this complaint as Exhibit 2.

17.     In their complaint, BRS and McDonald's allege that McDonald's owns a restaurant located at 1023 North Lake Street in Aurora, Illinois, which is operated by several individuals as franchisees. (Ex. 2 at ¶¶ 4, 23.)

18.     HKI allegedly entered into a contract with a McDonald's subsidiary to serve as an approved supplier of equipment, including vent hoods, at McDonald's restaurants. (Ex. 2 at ¶ 7, 26-31.)

19.     Subsequently, HKI allegedly entered into a contract with the franchisees that operated the subject McDonald's restaurant in Aurora, Illinois, to install certain equipment or fixtures at the restaurant, including a vent hood. (Ex. 2 at ¶ 25.)

20.   HKI, in turn, allegedly subcontracted with F&M Installation ("F&M") to install the vent hood. (Ex. 2 at ¶¶ 8, 34.)

21.   On January 17, 2019, an individual employee, agent, or subcontractor of F&M was allegedly performing the welding work necessary to install the vent hood when a spark allegedly ignited exposed insulation and caused a fire that damaged the restaurant. (Ex. 2 at ¶ 44, 46.)

22.   McDonald's allegedly incurred over $1.5 million in damages due to the fire, a portion of which was allegedly paid by BRS, thus allegedly subrogating BRS to McDonald's rights as to such amount. (Ex. 2 at ¶¶ 61-65.)

23.   In their complaint, McDonald's and BRS claim that HKI was negligent in failing to ensure that the welding work was performed in a safe manner, and they further claim that H&K's negligence proximately caused the fire. (Ex. 2 at ¶¶ 85-89.)

24.   McDonald's and BRS also claim that HKI breached its contract with the McDonald's subsidiary by failing to ensure the vent hood was installed correctly and that HKI contractually promised to indemnify them for damages or losses arising out of the defective installation of equipment, including the vent hood. (Ex. 2 at ¶¶ 90-114.)

25.   Accordingly, McDonald's and BRS seek to recover over $1.5 million in damages from HKI for the property damage resulting from the fire. (Ex. 2 at pp. 20-24.)

**C.   The Underlying KGK Lawsuit.**

26.   On July 27, 2022, Steadfast and KGK filed a complaint against HKI, among others, in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, Case No. 2022-

LA-000307. A duplicate of the complaint filed by Steadfast and KGK is attached to this complaint as Exhibit 3.

27.    In their complaint, Steadfast and KGK allege that KGK was the franchisee of the McDonald's restaurant located at 1023 North Lake Street in Aurora, Illinois. (Ex. 3 at ¶¶ 4, 23.)

28.    HKI allegedly entered into a contract to serve as an approved supplier of equipment, including vent hoods, at McDonald's restaurants. (Ex. 3 at ¶ 7, 26-31.)

29.    Subsequently, HKI allegedly entered into a contract with KGK to install certain equipment or fixtures at the McDonald's restaurant located at 1023 North Lake Street in Aurora, Illinois, including a vent hood. (Ex. 3 at ¶ 25.)

30.    HKI, in turn, allegedly subcontracted with F&M to install the vent hood. (Ex. 3 at ¶¶ 8, 34.)

31.    On January 17, 2019, an individual employee, agent, or subcontractor of F&M was allegedly performing the welding work necessary to install the vent hood when a spark allegedly ignited exposed insulation and caused a fire that damaged the restaurant. (Ex. 3 at ¶ 44, 46.)

32.    KGK allegedly incurred over $3.4 million in damages due to the fire, a portion of which was allegedly paid by Steadfast, thus allegedly subrogating BRS to McDonald's rights as to such amount. (Ex. 3 at ¶¶ 61-65.)

33.    In their complaint, Steadfast and KGK claim that HKI was negligent in failing to ensure that the welding work was performed in a safe manner, and they further claim that H&K's negligence proximately caused the fire. (Ex. 3 at ¶¶ 85-89.)

34. Steadfast and KGK also claim that HKI breached contractual obligations by failing to ensure the vent hood was installed correctly and that HKI contractually promised to indemnify them for damages or losses arising out of the defective installation of equipment, including the vent hood. (Ex. 3 at ¶¶ 90-114.)

35. Accordingly, Steadfast and KGK seek to recover over $3.4 million in damages from HKI for the property damage resulting from the fire. (Ex. 3 at pp. 20-24.)

**D.   The Present Coverage Dispute.**

36. HKI notified ACE of the underlying lawsuits, seeking insurance coverage under the policy, including a defense to both actions.

37. The subcontractor performing the welding work on HKI's behalf at the time and place of the alleged fire did not have general liability insurance covering such work with limits of at least $5 million per occurrence and in the aggregate.

38. ACE, therefore, denied coverage for the underlying lawsuits on the grounds that a condition precedent to coverage, requiring any subcontractor performing welding work on HKI's behalf to have at least $5 million in liability insurance coverage, was not satisfied.

39. Moreover, the policy excludes coverage for contractually-assumed liabilities. Thus, no coverage is available for the contract claims pleaded against HKI in the underlying lawsuits, irrespective of the applicability of the above-referenced condition precedent.

40. An actual controversy therefore exists between HKI and ACE concerning whether HKI is entitled to insurance coverage under the policy for the underlying lawsuits, including a defense to the action.

41.    BRS, McDonald's, Steadfast, and KGK are named in this lawsuit as indispensable parties because they are the plaintiffs in the underlying lawsuits. *See Altom Transport, Inc. v. Westchester Fire Insurance Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Under Illinois law, an injured third party is indispensable when an insurer sues an insured for a declaratory judgment defining coverage.").

**COUNT ONE**
**Declaratory Judgment**

42.    ACE incorporates the allegations pleaded in paragraphs one through 41, above, into count one of its complaint.

43.    HKI is not entitled to insurance coverage under the policy for the underlying lawsuits, including a defense to either action, because a condition precedent to coverage was not satisfied, namely, the subcontractor performing welding work on HKI's behalf when the fire occurred did not have general liability insurance applicable to such work with limits of at least $5 million per occurrence and in the aggregate.

44.    Alternatively, the contract claims pleaded against HKI are not covered because the policy does not cover contractually-assumed liabilities.

WHEREFORE, ACE respectfully requests that the Court enter a judgment in its favor, declaring ACE has no duty under the policy to defend HKI against the underlying lawsuits or to pay any liability HKI may incur as a result of the underlying lawsuits. ACE further requests that the Court award ACE its costs incurred in this matter, as well as any other relief to which ACE may be entitled.

Dated: August 26, 2022.

Respectfully submitted,

*s/Christopher A. Wadley*
Christopher A. Wadley,
Attorney for ACE American
Insurance Company

Walker Wilcox Matousek LLP
Christopher A. Wadley (#6278651)
Eric D. Blanchard (#6269430)
One N. Franklin St., Ste. 3200
Chicago, IL 60606
(312) 244-6700
cwadley@walkerwilcox.com
eblanchard@walkerwilcox.com